AUDREY STRAUSS
United States Attorney
By: CHRISTOPHER CONNOLLY
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2761 / Fax: (212) 637-2876
christopher.connolly@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
............................................................... x

PEOPLE OF THE STATE OF NEW YORK, by
LETITIA JAMES, Attorney General of the State of
New York, PEOPLE OF THE STATE OF
CALIFORNIA, by XAVIER BECERRA, Attorney
General of the State of California, PEOPLE OF
THE STATE OF COLORADO, by PHILIP J.
WEISER, Attorney General of the State of
Colorado, THE DISTRICT OF COLUMBIA, by
KARL A. RACINE, Attorney General of the
District of Columbia, COMMONWEALTH OF
MASSACHUSETTS, by MAURA HEALEY,
Attorney General of Massachusetts, THE STATE       21 Civ. 57 (SHS)
OF MINNESOTA, by KEITH ELLISON,
Attorney General of the State of Minnesota, THE     **ANSWER**
STATE OF NEW JERSEY, by GURBIR S.
GREWAL, Attorney General of the State of New
Jersey, and THE STATE OF NORTH
CAROLINA *ex rel.* JOSHUA H. STEIN, Attorney
General of North Carolina,

                        Plaintiffs,

               v.

OFFICE OF THE COMPTROLLER OF THE
CURRENCY and BLAKE PAULSON, in his
official capacity as Acting Comptroller of the
Currency,

                       Defendants.[1]

............................................................... x

---

[1]     Pursuant to Federal Rule of Civil Procedure 25(d), Acting Comptroller of the Currency Blake Paulson is automatically substituted for former Acting Comptroller of the Currency Brian P. Brooks as a defendant in this matter.

Defendants the Office of the Comptroller of the Currency ("OCC") and Acting Comptroller of the Currency Blake Paulson, by their attorney, Audrey Strauss, United States Attorney for the Southern District of New York, answer the complaint on information and belief as follows:

## **Introduction**[2]

1.    Paragraph 1 consists of plaintiffs' characterization of this action, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 1.

2.    Paragraph 2 consists of plaintiffs' characterization of the rationales underlying various state usury laws, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and respectfully refer the Court to the cited fact sheet and judicial opinion for complete and accurate statements of their contents.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and respectfully refer the Court to the cited ballot initiative and news article for complete and accurate statements of their contents.

4.    Paragraph 4 consists of plaintiffs' characterization of various state usury laws and of the quoted judicial opinion, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and respectfully refer the Court to the cited judicial

_____

[2]        For ease of reference, this answer reproduces the headings used in plaintiffs' complaint.   In doing so, however, defendants do not admit any allegations or characterizations contained in plaintiffs' headings.

opinion for a complete and accurate statement of its contents.

5.    Paragraph 5 consists of conclusions of law, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 5.

6.    Paragraph 6 consists of plaintiffs' characterization of the actions of unspecified "[n]on-bank lenders" and conclusions of law, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 6.

7.    Paragraph 7 consists of conclusions of law, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 7.

8.    Paragraph 8 consists of plaintiffs' characterization of the OCC final rule that is at issue in this litigation, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 8 and respectfully refer the Court to the final rule for a complete and accurate statement of its contents.

9.    Admit the allegations in paragraph 9.

10.    Paragraph 10 consists of conclusions of law, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 10.

11.    Paragraph 11 consists of conclusions of law, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 11.

12.    Paragraph 12 consists of conclusions of law, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 12.

13.    Admit the allegations in the first sentence of paragraph 13.    The second sentence of paragraph 13 consists of plaintiffs' characterization of the cited law review article, to which no response is required.    To the extent a response is deemed required, defendants deny the

3

allegations in the second sentence of paragraph 13 and respectfully refer the Court to the cited article for a complete and accurate statement of its contents.   Deny the allegations in the third and fourth sentences of paragraph 13.

14.   Paragraph 14 consists of plaintiffs' characterization of this action and of OCC's final rule, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 14 and respectfully refer the Court to the cited judicial opinion for a complete and accurate statement of its contents.

15.   Admit that OCC's final rule was issued on October 27, 2020, and that OCC received approximately four thousand comments on its initial proposed rule, but otherwise deny the allegations in paragraph 15, and respectfully refer the Court to the cited press release and final rule for complete and accurate statements of their contents.

16.   Deny the allegations in paragraph 16 and further deny that plaintiffs are entitled to the relief they seek.

**I.**    **<u>Parties</u>**

17.   Admit the allegations in paragraph 17.

18.   Admit the allegations in paragraph 18.

19.   Admit the allegations in paragraph 19.

20.   Admit the allegations in paragraph 20.

21.   Admit the allegations in paragraph 21.

22.   Admit the allegations in paragraph 22.

23.   Admit the allegations in paragraph 23.

24.   Admit the allegations in paragraph 24.

25.    Admit the allegations in paragraph 25.

26.    Deny the allegations in paragraph 26, and aver that, as of the date of this pleading, Blake Paulson serves as the Acting Comptroller of the Currency.

27.    Admit the allegations in paragraph 27, but aver that, as of the date of this pleading, Blake Paulson serves as the Acting Comptroller of the Currency.

28.    Admit the allegations in paragraph 28, but aver that the nomination of Brian P. Brooks to serve as Comptroller of the Currency was withdrawn by President Biden, and further aver that, as of the date of this pleading, Blake Paulson serves as the Acting Comptroller of the Currency.

## II.    Jurisdiction and Venue

29.    Paragraph 29 consists of conclusions of law, to which no response is required.

30.    Paragraph 30 consists of conclusions of law, to which no response is required.

31.    Paragraph 31 consists of conclusions of law, to which no response is required.

## III.    Background on the OCC's Rulemaking

### A.    The States' Historic Role in Regulating Predatory Lending

32.    Paragraph 32 consists of plaintiffs' characterizations of the cited memorandum and statutes, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 32 and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

33.    Paragraph 33 consists of plaintiffs' characterization of the cited judicial opinion, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 33, and respectfully refer the Court to the cited judicial opinion for a

complete and accurate statement of its contents.

34.    Paragraph 34 consists of conclusions of law and plaintiffs' characterizations of the cited statute and final rule, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 34 to the extent they are inconsistent with the National Bank Act ("NBA"), and respectfully refers the Court to the cited materials for complete and accurate statements of their contents.

35.    Paragraph 35 consists of plaintiffs' characterization of state usury laws, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.    The first sentence of paragraph 37 consists of conclusions of law, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in the first sentence of paragraph 37.    The remainder of paragraph 37 consists of plaintiffs' characterization of the cited administrative action and judicial opinion, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 37, and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

38.    Paragraph 38 consists of conclusions of law, to which no response is required.    To

the extent a response is deemed required, defendants deny the allegations in paragraph 38, and respectfully refer the Court to the cited statute and judicial opinions for complete and accurate statements of their contents.

39.   Paragraph 39 consists of conclusions of law, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 39, and respectfully refer the Court to the cited judicial opinion for a complete and accurate statement of its contents.

40.   Paragraph 40 consists of conclusions of law, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 40, and respectfully refer the Court to the cited judicial opinions for complete and accurate statements of their contents.

41.   Paragraph 41 consists of conclusions of law, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 41, and respectfully refer the Court to the cited judicial opinions for complete and accurate statements of their contents.

42.   Paragraph 42 consists of conclusions of law, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 42, and respectfully refer the Court to the cited judicial opinions for complete and accurate statements of their contents.

43.   Deny the allegations in paragraph 43.

**B.**      **The OCC Rushes To Issue the True Lender Rule**

44.   Admit the allegations in paragraph 44, except deny that OCC received a "record"

number of comments in connection with the proposed rule.

45.   Admit that OCC's final rule reflects a substantive change from the proposed rule in light of comments OCC received, but otherwise deny the allegations in paragraph 45.

46.   Admit the allegations in paragraph 46, and respectfully refer the Court to the cited regulations for complete and accurate statements of their contents.

47.   Paragraph 47 consists of plaintiffs' characterization of OCC's explanation of, and justification for, the final rule, to which no response is required.   To the extent a response is deemed required, defendants admit the allegations in paragraph 47 to the extent they are consistent with the final rule, and respectfully refers the Court to the cited material for complete and accurate statements of its contents.

48.   Deny the allegations in paragraph 48.

**C.**     **The OCC Intends the True Lender Rule to Preempt State Law**

49.   Paragraph 49 consists of plaintiffs' characterization of the final rule, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 49 and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

50.   Paragraph 50 consists of conclusions of law and plaintiffs' characterization of the final rule, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 50 and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

51.   Paragraph 51 consists of conclusions of law and plaintiffs' characterization of the final rule, to which no response is required.    To the extent a response is deemed required,

defendants deny the allegations in paragraph 51.

52.    Paragraph 52 consists of conclusions of law, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 52.

53.    Paragraph 53 consists of conclusions of law and plaintiffs' characterization of the final rule, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 53 and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

54.    Paragraph 54 consists of plaintiffs' characterization of the final rule, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 54 and respectfully refer the Court to the final rule for a complete and accurate statement of its contents.

55.    The first sentence of paragraph 55 consists of plaintiffs' characterization of the final rule, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in the first sentence of paragraph 55 and respectfully refer the Court to the final rule for a complete and accurate statement of its contents.    Deny the allegations in the second and third sentences of paragraph 55.

56.    Paragraph 56 consists of conclusions of law and plaintiffs' characterization of the final rule, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 56.

## IV.    The True Lender Rule Is Unlawful

57.    Paragraph 57 consists of conclusions of law, to which no response is required.    To the extent a response is deemed required, respectfully refer the Court to the text of the

Administrative Procedure Act ("APA") for a complete and accurate statement of its contents.

58.    Paragraph 58 consists of conclusions of law, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 58 and respectfully refer the Court to the cited judicial opinions for complete and accurate statements of their contents.

A.    **The Statutes Relied Upon By the OCC Do Not Authorize It to Preempt State Laws**

59.    Paragraph 59 consists of conclusions of law and plaintiffs' characterization of the cited judicial opinions, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 59 and respectfully refer the Court to the cited judicial opinions for complete and accurate statements of their contents.

60.    Paragraph 60 consists of plaintiffs' characterization of the final rule, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 60 and respectfully refer the Court to the final rule for a complete and accurate statement of its contents.

61.    Paragraph 61 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 61.

62.    Paragraph 62 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 62 and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

63.    Paragraph 63 consists of conclusions of law and argument, to which no response is

required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 63.

64.    Paragraph 64 consists of conclusions of law, argument, and plaintiffs' characterization of the cited judicial opinion, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 64 and respectfully refer the Court to the cited judicial opinion for a complete and accurate statements of its contents.

65.    Paragraph 65 consists of conclusions of law, argument, and plaintiffs' characterization of the cited materials, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 65 and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

66.    Paragraph 66 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 66 and respectfully refer the Court to the cited judicial opinion for a complete and accurate statement of its contents.

67.    Paragraph 67 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 67 and respectfully refer the Court to the cited judicial opinion for a complete and accurate statement of its contents.

**B.**    **The True Lender Rule Constitutes an Unreasonable Interpretation of Federal Law**

68.    Paragraph 68 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in

paragraph 68 and respectfully refer the Court to the cited judicial opinion for a complete and accurate statement of its contents.

69.    Paragraph 69 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 69.

70.    Paragraph 70 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 70 and respectfully refer the Court to the cited judicial opinion for a complete and accurate statement of its contents.

71.    Paragraph 71 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 71.

72.    Paragraph 72 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 72.

73.    Paragraph 73 consists of conclusions of law, argument, and plaintiffs' characterization of the cited judicial opinions, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 73 and respectfully refer the Court to the cited judicial opinions for complete and accurate statements of their contents.

74.    Paragraph 74 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in

paragraph 74 and respectfully refer the Court to the final rule for a complete and accurate statement of its contents.

75.    Paragraph 75 consists of conclusions of law, argument, and plaintiffs' characterization of the cited materials, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 75 and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

76.    Paragraph 76 consists of conclusions of law, argument, and plaintiffs' characterization of the cited materials, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 76 and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

77.    Paragraph 77 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 77.

78.    Admit the allegations in the first sentence of paragraph 78, and respectfully refer the Court to the final rule for a complete and accurate statement of its contents.    Deny the allegations in the second sentence of paragraph 78.

79.    Paragraph 79 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 79.

C.    **The OCC Failed to Comply with Provisions of the Dodd-Frank Act Intended to Constrain Preemption Determinations by the OCC**

80.    Paragraph 80 consists of plaintiffs' characterization of the Dodd-Frank Act, to which no response is required.    To the extent a response is deemed required, defendants deny

13

the allegations in paragraph 80 and respectfully refer the Court to the Dodd-Frank Act for a complete and accurate statement of its contents.

81.   Paragraph 81 consists of plaintiffs' characterization of the Dodd-Frank Act, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 81 and respectfully refer the Court to the Dodd-Frank Act and other cited materials for complete and accurate statements of their contents.

82.   Deny the allegations in paragraph 82.

83.   Paragraph 83 consists of conclusions of law, argument, and plaintiffs' characterization of the cited case, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 83 and respectfully refer the Court to the cited case for a complete and accurate statement of its contents.

84.   Paragraph 84 consists of conclusions of law, argument, and plaintiffs' characterization of the cited materials, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 84 and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

85.   Paragraph 85 consists of argument, to which no response is required.   To the extent a response is deemed required, deny the allegations in paragraph 85.

86.   Paragraph 86 consists of conclusions of law and argument, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 86.

87.   Paragraph 87 consists of conclusions of law and argument, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in

14

paragraph 87, and respectfully refer the Court to the cited judicial opinion for a complete and accurate statement of its contents.

88.    Paragraph 88 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 88.

89.    Paragraph 89 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 89, and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

90.    Admit the allegations in the first sentence of paragraph 90.    The second sentence consists of argument, to which no response is required.    To the extent a response is deemed required, deny the allegations in the second sentence of paragraph 90.

**D.    <u>The True Lender Rule Reverses Longstanding OCC Opposition to Rent-a-Bank Schemes with No Reasoned Explanation</u>**

91.    Deny the allegations in paragraph 91.

92.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 92.    The remainder of paragraph 92 consists of plaintiffs' characterization of the cited OCC guidance, to which no response is required.    To the extent a response is deemed required, defendants deny the remaining allegations in paragraph 92 and respectfully refer the Court to the cited guidance for a complete and accurate statement of its contents.

93.    Paragraph 93 consists of plaintiffs' characterization of the cited guidance, to which no response is required.    To the extent a response is deemed required, defendants deny the

allegations in paragraph 93 and respectfully refer the Court to the cited guidance for complete and accurate statements of its contents.

94.    Admit the allegations in paragraph 94, and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

95.    Paragraph 95 consists of plaintiffs' characterization of the cited press release, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 95 and respectfully refer the Court to the cited press release for a complete and accurate statement of its contents.

96.    Paragraph 96 consists of plaintiffs' characterization of the cited public remarks, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 96 and respectfully refer the Court to the cited public remarks for a complete and accurate statement of their contents.

97.    Paragraph 97 consists of plaintiffs' characterization of the cited administrative action, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 97 and respectfully refer the Court to the cited administrative action for a complete and accurate statement of its contents.

98.    Paragraph 98 consists of plaintiffs' characterization of the cited amicus brief, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 98 and respectfully refer the Court to the cited amicus brief for a complete and accurate statement of its contents.

99.    Paragraph 99 consists of plaintiffs' characterization of the cited guidance, to which no response is required.    To the extent a response is deemed required, defendants deny the

allegations in paragraph 99 and respectfully refer the Court to the cited guidance for a complete and accurate statement of its contents.

100.    Paragraph 100 consists of plaintiffs' characterization of the material cited in the foregoing paragraphs, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 100 and respectfully refer the Court to the cited material for a complete and accurate statement of its contents.

101.    Paragraph 101 consists of conclusions of law and argument, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 101, and respectfully refer the Court to the final rule for a complete and accurate statement of its contents.

102.    Paragraph 102 consists of plaintiffs' characterization of the final rule and the cited judicial opinion, and argument, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 102 and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

**E.    The OCC's Reliance on Its "Robust" Oversight Is Undermined By the OCC's Recent Embrace of Predatory Lenders**

103.    Paragraph 103 consists of plaintiffs' characterization of the cited comment and the final rule, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 103 and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

104.    Admit that much of OCC's supervisory work is necessarily non-public, but otherwise deny the allegations in paragraph 104.

105.    Admit that Axos Bank is regulated by OCC and that Axos has partnered with

World Business Lenders, LCC, but otherwise deny the allegations in the first sentence of paragraph 105.   Admit the allegations in the second sentence of paragraph 105.   The remainder of paragraph 105 consists of plaintiffs' characterization of the cited amicus brief and argument, to which no response is required.   To the extent a response is deemed required, defendants deny the remaining allegations in paragraph 105 and respectfully refer the Court to the cited amicus brief for a complete and accurate statement of its contents.

106.   Admit that Stride Bank, N.A., is regulated by OCC.   The remainder of paragraph 106 consists of plaintiffs' characterization of the cited materials, to which no response is required.   To the extent a response is deemed required, defendants deny the remaining allegations in paragraph 106 and respectfully refer the Court to the cited materials for a complete and accurate statement of their contents.

107.   The first and second sentences of paragraph 107 consists of plaintiffs' characterization of the cited materials and argument, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in the first and second sentences of paragraph 107 and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.   The third sentence of paragraph 107 consists of conclusions of law and argument, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in the third sentence of paragraph 107.

### F.   The True Lender Rule Is Not Entitled to Deference

108.   Paragraph 108 consists of conclusions of law, argument, and plaintiffs' characterization of the cited materials, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations in paragraph 108, and respectfully

refer the Court to the cited materials for a complete and accurate statement of their contents.

109.    Paragraph 109 consists of plaintiffs' characterization of the Dodd-Frank Act, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 109 and respectfully refer the Court to the Dodd-Frank Act for a complete and accurate statement of its contents.

110.    Paragraph 110 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 110.

**V.      The States Have Standing to Challenge the True Lender Rule**

111.    Paragraph 111 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 111.

**A.      Sovereign Interests**

112.    Paragraph 112 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 112.

113.    Paragraph 113 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 113.

114.    Paragraph 114 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 114 and respectfully refer the Court to the cited judicial opinions for complete and accurate statements of their contents.

1.     <u>**New York Usury Laws**</u>

115.    Paragraph 115 consists of plaintiffs' characterization of the cited statutes, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

116.    Paragraph 116 consists of plaintiffs' characterization of the cited judicial opinions, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, and respectfully refer the Court to the cited judicial opinions for complete and accurate statements of their contents.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117.

118.    Paragraph 118 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119.    Paragraph 119 consists of plaintiffs' characterization of the cited judicial opinions and press release, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119, and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 120, and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

121.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

### 2.   California Rate Caps

122.   Paragraph 122 consists of plaintiffs' characterization of the cited statutes and judicial opinion, to which no response is required.   To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122, and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

123.   Paragraph 123 consists of plaintiffs' characterization of the cited statutes, to which no response is required.   To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123, and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

124.   Paragraph 124 consists of plaintiffs' characterization of the cited statutes and judicial opinion, to which no response is required.   To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124, and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

125.   Deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 125, and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

126.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126, and respectfully refer the Court to the cited legislation for a complete and accurate statements of its contents.

127.   Paragraph 127 consists of plaintiffs' characterization of the cited statutes, to which no response is required.   To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127, and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

128.   Paragraph 128 consists of plaintiffs' characterization of the cited statutes, to which no response is required.   To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128, and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

129.   Deny the allegations in paragraph 129, and respectfully refer the Court to the cited comment for a complete and accurate statement of its contents.

130.   Deny the allegations in paragraph 130.

131.   Deny the allegations in paragraph 131.

### 3.   Colorado's Usury Laws and True Lender Litigation

132.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132, and respectfully refer the Court to the cited statute for a complete

and accurate statement of its contents.

133.    Paragraph 133 consists of plaintiffs' characterization of the cited statutes, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133, and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

**4.    The District's Usury Cap and Accompanying Regulations**

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135, and respectfully refer the Court to the cited statutes for complete and accurate statement of their contents.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

137.    Paragraph 137 consists of plaintiffs' characterization of the cited statutes, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137, and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

138.    Paragraph 138 consists of plaintiffs' characterization of the cited case docket and press release, to which no response is required.    To the extent a response is deemed required,

23

defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138, and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

**5.      Massachusetts' Criminal Usury and Small-Dollar-Loan Laws**

139.    Paragraph 139 consists of plaintiffs' characterization of the referenced statute, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139, and respectfully refer the Court to the referenced statute for a complete and accurate statements of its contents.

140.    Paragraph 140 consists of plaintiffs' characterization of the referenced statutes, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140, and respectfully refer the Court to the referenced statutes for a complete and accurate statements of their contents.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

142.    Paragraph 142 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143, and respectfully refer the Court to the cited statute for a complete

and accurate statement of its contents.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144, and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

145.    Deny the allegations in paragraph 145.

6.    **Minnesota's Regulation of Consumer Lending and "De Facto" Lender Doctrine**

146.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

147.    Paragraph 147 consists of plaintiffs' characterization of the cited statutes, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147, and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

148.    Paragraph 148 consists of plaintiffs' characterization of the cited statutes, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

149.    Paragraph 149 consists of plaintiffs' characterization of the cited statutes, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in

paragraph 149, and respectfully refer the Court to the cited statutes for complete and accurate statement of their contents.

150.    Paragraph 150 consists of plaintiffs' characterization of the cited statutes and judicial opinions, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150, and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

151.    Paragraph 151 consists of plaintiffs' characterization of the cited judicial opinions, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150, and respectfully refer the Court to the cited judicial opinions for complete and accurate statements of their contents.

152.    Deny the allegations in paragraph 152.

153.    Deny the allegations in paragraph 153.

**7.    <u>New Jersey's Usury Laws</u>**

154.    Paragraph 154 consists of plaintiffs' characterization of the cited statutes, to which no response is required.    To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154, and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

155.    Paragraph 155 consists of plaintiffs' characterization of the cited statutes, to which no response is required.    To the extent a response is deemed required, defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155, and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

156.   Deny the allegations in paragraph 156.

**8.**   **North Carolina Usury and Small-Dollar-Loan Laws**

157.   Paragraph 157 consists of plaintiffs' characterization of the cited statute, to which no response is required.   To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

158.   Paragraph 158 consists of plaintiffs' characterization of the cited statutes, to which no response is required.   To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158, and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

159.   Paragraph 159 consists of plaintiffs' characterization of the cited statute, to which no response is required.   To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159, and respectfully refer the Court to the cited statute for a complete and accurate statements of its contents.

160.   Paragraph 160 consists of plaintiffs' characterization of the cited statute, to which no response is required.   To the extent a response is deemed required, defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

161.   Paragraph 161 consists of plaintiffs' characterization of the cited statutes, to which no response is required.   To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161, and respectfully refer the Court to the cited statutes for complete and accurate statements of their contents.

162.   Paragraph 162 consists of plaintiffs' characterization of the cited statute, to which no response is required.   To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

163.   Paragraph 163 consists of plaintiffs' characterization of the cited statute, to which no response is required.   To the extent a response is deemed required, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

164.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164.

165.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165.

166.    Deny the allegations in paragraph 166.

167.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 167, and respectfully refer the Court to the cited material for complete and accurate statements of its contents.    Deny the allegations in the third sentence of paragraph 167.

168.    Deny the allegations in paragraph 168.

*    *    *    *    *

169.    Deny the allegations in paragraph 169.

170.    Paragraph 170 consists of conclusions of law and argument, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 170 and respectfully refer the Court to the cited materials for a complete and accurate statement of their contents.

**B.        Quasi-Sovereign Interests**

171.    Deny the allegations in paragraph 171.

172.    Paragraph 172 consists of conclusions of law, argument, and plaintiffs' characterizations of the cited judicial opinions and statute, to which no response is required.    To the extent a response is deemed required, defendants deny the allegations in paragraph 172 and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

173.    Deny the allegations in paragraph 173.

174.    Deny the allegations in the first sentence of paragraph 174.    The remainder of paragraph 174 consists of plaintiffs' characterizations of the cited materials, to which no

response is required.    To the extent a response is deemed required, defendants deny the allegations in the remainder of paragraph 174 and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.

175.    Deny the allegations in paragraph 175.

176.    Paragraph 176 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, defendants deny the allegations in paragraph 176.

**C.    Fiscal Interests**

177.    Deny the allegations in the first sentence of paragraph 177.    The second sentence of paragraph 177 consists of plaintiffs' characterization of materials cited elsewhere in the complaint, to which no response is required.    To the extent a response is required, defendants deny the allegations in the second sentence of paragraph 177 and respectfully refer the Court to the cited materials for complete and accurate statements of their contents.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 177.

178.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 178.    Deny the allegations in the second sentence of paragraph 178.

179.    Deny the allegations in paragraph 179.

**Claims**

**I.    Administrative Procedure Act (In Excess of Statutory Jurisdiction, Authority, or Limitations, or Short of Statutory Right)**

180.    Defendants incorporate in full their responses to the allegations in paragraphs 1-179.

181.    Paragraph 181 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, defendants admit the allegations in paragraph 181 and respectfully refer the Court to the APA for a complete and accurate statement of its contents.

182.    Deny the allegations in paragraph 182.

183.    Deny the allegations in paragraph 183.

**II.      Administrative Procedure Act (Arbitrary, Capricious, An Abuse of Discretion, or Otherwise Not in Accordance With Law)**

184.    Defendants incorporate in full their responses to the allegations in paragraphs 1-183.

185.    Paragraph 185 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, defendants admit the allegations in paragraph 185 and respectfully refer the Court to the APA for a complete and accurate statement of its contents.

186.    Deny the allegations in paragraph 186.

187.    Deny the allegations in paragraphs 187.

**III.     Administrative Procedure Act (Action Taken Without Observance of Procedure Required by Law)**

188.    Defendants incorporate in full their responses to the allegations in paragraphs 1-187.

189.    Paragraph 189 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, defendants admit the allegations in paragraph 189 and respectfully refer the Court to the APA for a complete and accurate statement of its contents.

190.    Deny the allegations in paragraph 190.

191.    Deny the allegations in paragraph 191.

31

\*       \*       \*

The remainder of the complaint consists of plaintiffs' prayer for relief, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations contained in the remainder of the complaint and state that plaintiff is not entitled to the requested relief or any relief whatsoever.

The Government denies all allegations in the complaint not expressly admitted or denied.

## DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

This action is barred to the extent this Court lacks subject matter jurisdiction.

### THIRD DEFENSE

This action is barred to the extent Plaintiffs have failed to exhaust their administrative remedies.

### FOURTH DEFENSE

Plaintiffs' claims and prayer for relief are subject to, and limited by, the Administrative Procedure Act, including any provisions not specifically identified in this answer.

### FIFTH DEFENSE

Defendants' decisions were not in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

### SIXTH DEFENSE

Defendants' decisions were not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

SEVENTH DEFENSE

Defendants' decisions were not taken without observance of procedure required by law.

EIGHTH DEFENSE

This Court does not have authority to grant the relief requested.

NINTH DEFENSE

Plaintiffs' APA claims should be dismissed to the extent they challenge agency actions committed to agency discretion by law.

Defendants may have additional defenses that are not known to them at this time, but that may be ascertained during litigation. Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

WHEREFORE, defendants, having fully answered the allegations in the complaint and stated their defenses, respectfully request that this Court dismiss the complaint with prejudice, enter judgment in favor of defendants, award costs for defense of this action, and grant such other relief as may be just and equitable.

Dated: April 14, 2021

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By:    */s/ Christopher Connolly*
CHRISTOPHER CONNOLLY
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2761
Facsimile: (212) 637-2786
christopher.connolly@usdoj.gov